LAW OFFICES
**BROENING OBERG WOODS & WILSON**
PROFESSIONAL CORPORATION
2800 N. CENTRAL AVE., SUITE 1600
PHOENIX, ARIZONA 85004
(602) 271-7700

Robert T. Sullivan/Bar No. 022719
rts@bowwlaw.com
Kelley M. Jancaitis/Bar No. 025555
kmj@bowwlaw.com
Minute Entries/Orders
cjg@bowwlaw.com
*Attorneys for Defendant State Farm*
*Fire and Casualty Company*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Grasse and Tamara Grasse, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>State Farm Fire and Casualty Company, an Illinois Corporation, John and Jane Does I-X; XYZ Partnerships I-X; ABC Corporations I-X,<br><br>Defendants. | Case No. 2:23-cv-02435-SRB<br><br>**ANSWER** |

Defendant State Farm Fire and Casualty Company (hereinafter "Defendant"), for its Answer to Plaintiffs' Complaint, admits, alleges and denies as follows:

1.    Responding to Paragraph 1, Defendant is without sufficient information but admits that jurisdiction is proper.

2.    Responding to Paragraph 2, Defendant admits the allegations contained in the first sentence of Paragraph 2.  Defendant denies that any of its actions gave rise to a cause of action but admits that jurisdiction and venue are proper.

3. Paragraph 3 requires neither an admission nor denial.

4. Responding to Paragraph 4, Defendant maintains that the allegations contained in Paragraph 4 are sufficiently vague that they can be neither admitted nor denied. There is a singular defendant, as such, the allegation of "vicarious liability" is improper and inconsistent with the pleadings.

## COUNT ONE

## BREACH OF CONTRACT

5. Responding to Paragraph 5, Defendant admits the allegations in Paragraph 5.

6. Responding to Paragraph 6, Defendant is without sufficient information to admit or deny and therefore deny same.

7. Responding to Paragraph 7, Defendant maintains that the allegations contained in Paragraph 7 are sufficiently vague that they can neither be admitted nor denied. Defendant admits that portions of the Plaintiffs' residence suffered coverage damages and Defendant affirmatively alleges that those damages have been paid pursuant to the terms, conditions and exclusions of the relevant Policy.

8. Responding to Paragraph 8, Defendant admits the allegations in Paragraph 8.

9. Responding to Paragraph 9, Defendant denies the allegations in Paragraph 9.

10. Responding to Paragraph 10, Defendant admits that this action arises out of a contract and as such, the prevailing party is entitled to attorneys' fees pursuant to A.R.S. § 12-341.01 and costs pursuant to the Arizona Rules of Civil Procedure.

## COUNT TWO

## BREACH OF THE COVENTANT OF GOOD FAITH

## AND FAIR DEALING – BAD FAITH

11. Responding to Paragraph 11, Defendant denies the allegations in Paragraph 11.

12. Responding to Paragraph 12, Defendant denies the allegations in Paragraph 12.

13. Responding to Paragraph 13, Defendant denies the allegations in Paragraph 13.

2

14.    Responding to Paragraph 14, Defendant maintains that the allegations contained in Paragraph 14 are sufficiently vague that they can neither be admitted nor denied. Defendant admits the general statement that one of the purposes of insurance is to provide a peace of mind of the insured.  However, the remaining allegations are subjective in nature and therefore, State Farm can neither admit nor deny same.

15.    Responding to Paragraph 15, Defendant denies the allegations in Paragraph 15.

16.    Responding to Paragraph 16, Defendant admits the allegations in Paragraph 16. Additionally, Defendant alleges that the tier designation is irrelevant in Arizona District Court.

Defendant denies all allegations of Plaintiffs' Complaint which are not expressly admitted or otherwise responded to in this Answer.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all triable issues.

## AFFIRMATIVE DEFENSES

Defendant sets forth below its affirmative defenses.  By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue or element of a claim where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as acknowledgment that any particular issue or subject matter is relevant to Plaintiffs' allegation.  Further, Defendant fully reserves its rights to assert additional defenses, counter-claims, cross-claims or third-party claims and/or to amend, supplement or augment this Answer, based on further investigation and discovery.

1.    Although Defendant does not presently have specific facts in support of these remaining defenses, it wishes to put counsel for Plaintiffs on notice that it hereby raises the following defenses, which through subsequent discovery may indeed be supported by the facts:  abatement, accord and satisfaction; anticipatory breach of contract; arbitration and award; assumption of the risk; discharge in bankruptcy; duress; estoppel; failure of

3

consideration; failure to join indispensable parties; fraud; illegality; insufficiency of process and insufficiency of service of process; laches; lack of capacity; lack of condition precedent; economic loss rule; lack of jurisdiction of the subject matter; lack of jurisdiction of person; license; mistake; misuses of products; payment; rescission; recoupment; release; repudiation; res judicata; setoff; statute of frauds; statute of limitations; venue; waiver; and any other defense that discovery may reveal are applicable.

2.     The damages, if any, of Plaintiffs were proximately caused or contributed to by the fault of their employees and that they assumed the risk of damage, all which either bars or reduces on a comparative basis any recovery from Defendant.

3.     Plaintiffs' claims are barred by applicable limitations periods, including Statutes of Limitations and Repose.

4.     The injuries and damages, if any, are the result of intervening, superseding causes, thus relieving Defendant of any actual or potential liability herein.

5.     Plaintiffs failed to mitigate his damages.

6.     Plaintiffs is barred by the economic loss rule from asserting tort claims that arise out of contract.

7.     Plaintiffs' Complaint fails to state a valid claim for punitive damages. Moreover, Plaintiffs' claim for punitive damages is barred or limited under Arizona state law and/or by the procedural and substantive due process guarantees, the guarantees against the taking of property in an arbitrary or irrational manner or without adequate compensation, the guarantees of equal protection of the laws, and the guarantees against undue burden upon commerce set forth in the United States Constitution.

## **PRAYER**

WHEREFORE, having fully answered Plaintiffs' Complaint, these Defendants pray:

1.     That they be dismissed;

4

2.      That the Plaintiffs takes nothing thereby;

4.      That these Defendants be discharged with their lawful cost and attorney fees herein incurred; and

4.      For such other and further relief as the Court deems just and proper.

DATED this 22nd day of November, 2023.

BROENING OBERG WOODS & WILSON, P.C.

By */s/ Robert T. Sullivan*
Robert T. Sullivan
Kelley M. Jancaitis
2800 North Central Avenue, Suite 1600
Phoenix, Arizona  85004
*Attorneys for Defendant State Farm Fire and Casualty Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of November, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Douglas F. Dieker
DIEKER COPPLE, PLLC
14256 North Northsight Blvd., Suite 110
Scottsdale, Arizona 85260
douglas@diekercopplelaw.com
*Attorney for Plaintiffs*

By */s/ Lisa Black*