Douglas F. Dieker, SBN 018317
**DIEKER COPPLE, PLLC**
14256 North Northsight Blvd., Suite 110
Scottsdale, Arizona 85260
(602) 528-4700 – Office
(602) 528-4701 –Fax
douglas@diekercopplelaw.com
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Grasse and Tamara Grasse,<br><br>Plaintiffs,<br><br>vs.<br><br>State Farm Fire and Casualty Company, an Illinois Corporation, John and Jane Does I-X; XYZ Partnerships I-X; ABC Corporations I-X,<br><br>Defendants. | Case No.:   23-02435-PHX-SRB<br><br>**REPLY IN SUPPORT OF MOTION TO CONFIRM APPRAISAL AWARD** |

It is important for the Court to note that State Farm does not deny that there is coverage for damage sustained to Plaintiffs' home as a result of the July 12, 2021 storm. State Farm does not cite to one exclusion or other policy term in the policy of insurance it issued to Plaintiffs that requires any interpretation by the Court.  Rather, State Farm asks the Court to accept its determination of loss, over that of an independent appraisal panel, and reject confirmation of the Appraisal Award entered.  In doing so, State Farm wants the Court to ignore the multiple and repeated rulings against it on this exact issue in Arizona and across the country.[1]

State Farm urges the Court to adopt the minority view that insurance companies can subvert the appraisal remedy and force their insured to endure further litigation by disputing

---

[1] *See e.g.*, *Le v. State Farm Fire & Cas. Co.*, 2022 WL 4105503 (D. Ariz. 2022).

1

appraisers' factual decisions as to the amount of damage caused by an admittedly covered event under the homeowners policy. The vast majority of courts in Arizona and across the country that have fully considered the practical and public policy implications of arguments like State Farm's here, have correctly concluded that appraisers are empowered to resolve disputed issues of fact over the cause of property damage. Consequently, the appraisers on this claim acted within their authority when they determined the full extent of Plaintiffs' loss to their home as a result of the July 12, 2021 storm. State Farm is not entitled to force Plaintiffs to pay an umpire to resolve this issue of fact and then re-litigate that same issue of fact through a jury trial. Strong public policy in Arizona favoring the finality of arbitration and appraisal awards requires the Court follow the majority position and confirm the Appraisal Award.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      State Farm would have the Court only accept its interpretation of the loss, and completely disregard the interpretation of Plaintiffs and the Appraisal panel.**

State Farm's recitation of the facts attempts to, again, re-litigate the factual determinations made by the appraisal panel. Namely, State Farm characterizes the loss to Plaintiffs' residence as a result of the July 12, 2021 storm as "minor", relies upon inadmissible hearsay, and completely ignores Plaintiffs' prior submissions of the claim as well as the findings of the Appraisal panel. Specifically, Plaintiffs submitted a claim for loss to their roof in excess of $260,000.00. (See Exhibit C attached to Plaintiffs' Motion to Confirm Appraisal Award). The Appraisal panel determined the amount of the loss to be nearly $89,136.35 Replacement Cost Value. (See Exhibits C and F attached to Plaintiffs' Motion to Confirm Appraisal Award).

State Farm simply disagreed with Plaintiffs' assessment of loss, as well as that of the Appraisal panel, by asserting that some of the damages included in the Award were due to other, non-covered events. In doing so, State Farm argues that appraisers are not permitted to determine causation of loss, and that the panel did not do so here. State Farm cites to one phrase included in the appraisal award pertaining to "loss causation". However, State Farm's argument ignores the entirety of the language of the Award, as well as pertinent policy language. The Award expressly states:

> We the appraisal panel, individually and collectively, impartially, and objectively, have examined the information, facts and evidence of record as provided to or mutually ascertained by us, according to our appointment, without regard to policy coverage, loss causation, or any other terms, conditions, provisions, or exclusions of the above policy and *have determined the following for loss and value of same:* [replacement cost value for dwelling $89,186.35]"

> We certify that we have conscientiously and impartially performed the duties assigned to us in accord with the appraisal provisions of the policy and hereby award the amounts established for the described loss.

(See Exhibit A attached to Plaintiffs' Motion to Confirm Appraisal Award). (Emphasis added).

Finally, State Farm ignores the most pertinent policy language related to appraisal, which states if there is a disagreement on the "amount of loss" either party can demand appraisal, naming a "competent, disinterested appraiser". (See Exhibit E attached to Plaintiffs' Motion to Confirm Appraisal Award). The policy State Farm issued to Plaintiffs directs the appraisers to "set the amount of loss". (Id.). Finally, State Farm omits that "a written report of agreement **will set the amount of the loss** of each item in dispute **and will be binding** upon you and us." (Id.). (Emphasis added). The item in dispute here was the amount of damage sustained to Plaintiffs' home as a result of the July 12, 2021 storm. That dispute was rightfully resolved by entry of a proper Appraisal Award.

State Farm asserts, despite clear policy language that the appraisers are to "set the amount of the loss", that these appraisers did not do that which they were directed. This is asserted by State Farm despite the fact the appraisers entered their award stating that they had determined the "amount of loss" and "set" that amount as binding on both parties. State Farm's incredible assertion must be completely disregarded by the Court.

**II.    Plaintiffs agree Appraisers may not determine coverage issues but wholeheartedly disagree that Appraisers may not determine causation.**

Plaintiffs agree with State Farm that the Appraisal Clause in the policy does not empower appraisers to make coverage determinations. *Hanson v. Commercial Union Ins. Co.*, 150 Ariz. 283, 286 (App. 1986). These appraisers did not determine a coverage issue. In fact, State Farm does not even cite to one policy provision or exclusion relied upon for its denial to pay the subject appraisal award. The Court has not been asked by State Farm to interpret any provision of the insurance policy here. Instead, State Farm attempts to confuse the Court by leaping to the conclusion that appraisers can't determine damages caused by an admittedly covered event. Whether an admittedly covered event, storm, caused damage to the roof of Plaintiffs' residence, is an issue of fact, not law. Courts throughout the country and in Arizona have rejected State Farm's argument repeatedly.

**A.    <u>Recent caselaw has consistently recognized that appraisers must be empowered to resolve causation disputes</u>.**

State Farm's arguments here are almost identical to the arguments by the same attorneys that were rejected by the magistrate judge and district court judge in *Le v. State Farm Fire and Cas. Co.*, 2022 WL 4105503 (D. Ariz. 2022). In *Le*, State Farm made the decision to cover property damage caused by fire, but argued that the appraisers erroneously awarded amounts for damage caused by vandalism, water damage, "wear and tear" and general "hard living" which the policy would not cover. Here, State Farm made the decision to cover any damage caused by the storm event, but argues that the appraisers erroneously awarded amounts for "wear and tear". In both *Le* and this case, State Farm argued that it

4

must be given an opportunity to challenge in court whether the individual items of damage included in an appraisal award were caused by the covered loss event and, therefore, covered under the policy.  The *Le* court flatly disagreed with State Farm's logic and its misapplication of Arizona trial court opinions like *6700 Arrowhead Owners Ass'n v. State Farm Fire & Cas. Co.*, 2012 WL 5868969 (D. Ariz.) and *Speros v. Sentinel Ins. Co. Ltd.*, 2018 WL 1536389 (D. Ariz.) to support its arguments.

Also interpreting a State Farm policy, the *Le* Court found that once State Farm has made the decision to cover property damage resulting from a particular loss, appraisers act within their authority when they make *factual determinations* as to the property damage caused by the covered loss event that should be included in the Award and damage that is unrelated and properly excluded.  *Le*, 2022 WL 4105503 at *4-5.  The appraisers' findings of fact as to causation are binding on the parties and State Farm is not entitled to "go through the appraisal and pick out those items that it believes were not caused by [the covered loss event] in the guise of litigating the issue of coverage." *Id*. at *5. Accepting State Farm's argument "would defeat the purpose of the appraisal process." *Id.* (citing *Park Imperial, Inc. v. E. L. Farmer Const. Co.*, 9 Ariz.App.511, 513-14 (1969) ("the ostensible purpose for . . . arbitration" is "avoidance of litigation"). "The rationale behind the appraisal process would be defeated if either party were given a second bite at the apple after appraisal." *Le* at *6 citing *Atreus Communities Grp. of Ariz. v. Stardust Dev., Inc.*, 229 Ariz. 503, 506 (App. 2012) ("Arizona's public policy favors arbitration to obtain a speedy and inexpensive disposition of a dispute . . .").

A recent 10th Circuit decision, *BonBeck Parker, LLC v. Travelers Indem. Co.*, 14 F.4th 1169 (10th Cir. 2021), is representative of the "growing trend" nationwide supporting a broad construction of the appraisal remedy.  Like the trial court in *Le*, the *BonBeck* court also determined that the appraisal clause in an insurance contract would be meaningless if the

appraisers were not allowed to determine the extent of property damage caused by the loss event being appraised. *BonBeck*, 14 F.4th at 1178-80. The *BonBeck* court recognized that it was "by no means the first court to recognize that causation is an ingredient of loss" and cited *Quade v. Secura Ins.*, 814 N.W.2d 703, 706 (Minn. 2012) (concluding that "'amount of loss' necessarily includes a determination of cause of the loss"); *Walnut Creek Townhome Ass'n v. Depositors Ins. Co.*, 913 N.W.2d 80, 92 (Iowa 2018) ("appraisers may decide the factual cause of damage to property in determining the amount of loss from a storm"). These opinions are consistent with *Harvey Property Mgmt. Co., Inc. v. Travelers Indem. Co.*, 2012 WL 5488898 at *5 (D. Ariz.) holding that an appraiser's authority to set the amount of loss "must necessarily include a determination of what portion of the loss was caused by the covered event". *See also Ori v. American Family Mut. Ins. Co.*, 2005 WL 3079044 at *4 (D. Ariz.) ("appraisal will determine the amount of loss due to the covered event").

The courts in Michigan, Tennessee, Colorado, Texas, Iowa, Wisconsin, Ohio and Florida that have ruled against State Farm have all applied generally-accepted common-law rules of contract interpretation to reject the contention that appraisers cannot make causation determinations like the appraisers made on this loss. For example, one of the six Michigan opinions adverse to State Farm published within the last two years included another thorough analysis of the intent of the appraisal remedy, and rejected State Farm's contention that "differences in scope of damage are a matter of coverage and not of price." *Hart v. State Farm Fire and Cas. Co.*, 2021 WL 3709534 at *7 (E.D. Mich. Aug. 21, 2021). The court supported its rejection of State Farm's argument by citing *Smith v. State Farm Fire and Cas. Co.*, 737 F.Supp.2d 702, 710-11 (E.D. Mich. 2010) where the court provided the following analysis directly relevant to the issue presented here:

> [t]here is no question as to the legal definition of what is covered under the policy, i.e. damage caused by the fire/smoke is covered and damage caused by the contaminants (or other sources) is not covered. The parties agree on this much. Where the insurer has already conceded

6

> coverage for the loss, as State Farm has here, deciding what damages fall into which of the two defined categories seems appropriately addressed by the appraisers.

State Farm's citations to *6700 Arrowhead Owners Assoc. v. State Farm*, 2012 WL 5868969 (D. Ariz. 2012), *Denby v. American Family Ins.,* 2019 WL 4081143 (D. Ariz. 2019) and *Speros v. Sentinel Ins. Co., Ltd.,* 2018 WL 1536389 (D. Ariz. 2018) are not persuasive and have been directly rejected by the aforementioned recent Arizona Court decisions.  In *6700 Arrowhead*, the trial court granted the plaintiff's motion to compel appraisal and simply ordered that the appraisers itemize the amount awarded.  If the appraisers proceeded to itemize the losses resulting from the covered hailstorm, the amount awarded would then become binding on the parties. There is nothing in the court's opinion to suggest the trial judge was going to allow State Farm to re-litigate the appraisers' findings of fact as State Farm seeks here.

Both *Denby* and *Speros* are also distinguishable as there were specific policy exclusions relied upon by the carriers in their effort to deny all damages included in appraisal awards.  In *Denby*, there was a question whether Ordinance and Law coverage extended to non-damaged items.  2019 WL 4081143 *1.  American Family argued a policy exclusion within the Ordinance and Law clause that stated it did not extend to non-damaged items, claiming upgrades to the plumbing, electrical, truss and floor joist systems were not directly damaged by the covered event therefore no Ordinance and Law Coverage applied.  *Id.*  In *Speros*, Sentinel argued an "earth movement" exclusion applied, which the trial court concluded that Sentinel would be bound by the appraisers' determination of the amount of damage, but could still litigate the applicability of the policy exclusion.  2018 WL 1536389 *5.  There is no such exclusion cited by State Farm here.   Instead, State Farm attempts to create a coverage issue by asserting that causation of damage is not an issue of fact but an issue of law for the Court to decide.  Yet, determining what damages were caused by the storm does not require an interpretation of policy language as an issue of law would require.

Instead, it requires the Court to review photographs, speak with contractors, consult storm data, etc. to decide the factual issue of whether the storm caused the damage seen on Plaintiffs' roof. That factual determination is rightfully within the purview of appraisal.

Knowing that its "causation is a coverage issue" argument has been repeatedly rejected by courts both locally and nationally, State Farm attempts to assert that the appraisal panel did not determine the "amount of loss" because it gave no consideration to "loss causation". Yes, the appraisal award states it is related to Plaintiffs' claimed date of loss of "7/12/2021". (See Exhibit A attached to Plaintiffs' Motion to Confirm). It also acknowledges that the appraisers have been "appointed to act as appraisers in accordance with policy conditions", i.e. the appraisal provision. That provision states that the appraisers are to "set the amount of the loss." (See Exhibit E attached to Plaintiffs' Motion to Confirm.) Finally, the award states that the appraisers "have determined the following for loss and value of same", i.e. Plaintiffs' 7/12/2021 loss. (See Exhibit A attached to Plaintiffs' Motion to Confirm).

Regardless, even if State Farm's position had merit, which it does not, an award is not subject to attack simply because one party believes the appraisers erred with respect to factual determinations or legal interpretations. *Hirt v. Hervey*, 118 Ariz. 543, 578 P.2d 624 (Ct. App. 1978). "Apart from questions of fraud or corruption, 'the decisions of the arbitrators on questions of fact and law are final and conclusive, except when the conflict with the express guidelines or standards set forth or adopted in the arbitration agreement.'" *Id.* at 545 *quoting Smitty's Super-Valu, Inc. v. Pasquelleti*, 22 Ariz.App. 178, 182, 525 P.2d 309, 313 (1973). There are no questions of fraud or corruption here, State Farm simply doesn't like the award entered. Even if the appraisers included repairs to tiles that were not damaged by the subject storm, that is still insufficient to avoid confirmation of an award. *See Le* at *7 (citing *Hirt v.*

*Hervey*, 118 Ariz. 543, 545 (App. 1978).  The Appraisal Award entered on Plaintiffs' claim, pursuant to policy language, is "binding" on the parties.

**B.      Public policy supports confirmation of the Award.**

Since public policy favors arbitration, it also favors liberally construing a policy's appraisal clause and resolving any doubt in favor of the appraisal process. *Meineke v. Twin City Fire Ins. Co.*, 181 Ariz. 576, 581 (App. 1994). A trial court's review of an arbitration or appraisal award for the purpose of confirming an award should be undertaken in the light most favorable to upholding the award. *Atreus Communities Group of Ariz. V. Stardust Dev., Inc.*, 229 Ariz. 503,506 (App. 2012).  Judicial review of arbitration or appraisal awards is severely limited. *Creative Builders Inc. v. Avenue Dev., Inc.*, 148 Ariz. 452, 456 (App. 1986). "Except for certain well-defined circumstances … [a] trial court has no authority to modify an arbitration award." A trial court should confirm an award even when it's "convinced that the arbitrators have erred in their resolution of factual or legal issues." *Id.* A trial court must "presume that arbitrators decided only those issues submitted for arbitration."  *Einhorn v. Valley Med. Specialists, P.C.*, 172 Ariz. 571, 573 (App. 1992).  These principles reinforce the strong presumption favoring the conclusiveness and finality of arbitration and appraisal awards recognized in Arizona.  *Meineke, supra.*

Public policy considerations overwhelmingly favor confirmation of the Appraisal Award and rejection of State Farm's effort to re-litigate the appraisers' findings of fact.  In *Hirt v. Hervey*, 118 Ariz. 543, 545 (App. 1978), the court held that the decisions of Arizona appraisers acting pursuant to a contractual agreement to resolve disputes through appraisal is "entitled to the same degree of finality accorded decisions of arbitrators."  The major insurance treatises are in agreement that appraisal awards issued pursuant to the standard language found in State Farm's policy are final and conclusive when entered and that any party opposing an appraisal award bears a heavy burden of coming forward with evidentiary proof

that an award is defective. 6 J. Appleman & J. Appleman, *Insurance Law and Practice* §§ 3921, 3924 (1972); 15 *Couch on Insurance* § 213:1-3 (3rd Ed. 2000); 2 S. Cozen, *Insuring Real Property* § 30.05 (1992). The Cozen treatise addressed the topic as follows:

> The courts prefer not to second-guess the appraisers and seem inclined to treat appraisal awards like jury verdicts where only questions of fact are involved. Since the appraisal award involves only questions of fact as to the value or amount of loss, it is sometimes said to be 'unreviewable on appeal.'

*Id.*

State Farm has utterly failed to meet its heavy burden of providing the Court with an evidentiary or legal basis for setting aside the Appraisal Award on this claim or for re-litigating the appraisers' findings of fact. In weighing questions of public policy, the Court should consider the practical implications of State Farm's argument. The parties appointed well-qualified property damage appraisers. The parties paid to have the appraisers travel to Plaintiffs' home, fully inspect the roof and make findings of fact about the amount of loss caused by the July 12, 2021 storm loss. The appraisers then did exactly what the insurance contract empowered them to do and set the "loss and value" of Plaintiffs' claim for loss.

### III.   Plaintiffs' Application to Confirm the Appraisal Award does not seek preliminary relief.

A.R.S. § 12-1511 provides the legal mechanism in Arizona for confirming and enforcing arbitration or appraisal awards entered pursuant to alternative dispute resolution contract provisions like the appraisal clause in State Farm's policy. An Order confirming a valid arbitration or appraisal award is not preliminary. The Court's Order confirming the Award will be final and binding on both parties as a final resolution of the issues properly considered and decided through the appraisal process. An A.R.S. § 12-1511 Order will not resolve all of the issues raised in Plaintiffs' Complaint, including the question of whether State Farm has acted in bad faith. The issues of fact resolved by the appraisers, however, are final and not subject to any further litigation.

10

**IV.    Attorneys Fees are warranted on this dispute arising out of a contract.**

A.R.S. § 12-341.01 vests the Court with the discretion to award attorneys' fees on any dispute arising out of a contract. The insurance policy is a contract. Plaintiffs were forced to retain counsel and file this Motion to attempt to get State Farm to finally abide by its contractual obligation to honor an appraisal award that "set the amount of loss" and is "binding" on the parties. Such an award is not "interim" as argued by State Farm. It is necessary for Plaintiffs to fully recover what State Farm should have paid when the Award was entered on July 12, 2023. Plaintiffs, again, respectfully request the Court grant their motion for attorneys' fees.

**V.    Conclusion**

Virtually every loss under a property insurance policy involves questions of fact as to the amount of damage caused by an insured event. It is impossible to resolve any insurance claim without deciding how much property was damaged from the insured event versus some other cause the policy does not cover. Accepting State Farm's argument in its response would give insurance companies in Arizona a license to re-litigate the findings of fact underlying virtually every insurance appraisal award entered in this state. Such an outcome is not justified by the plain language of the Appraisal Clause or by the massive body of caselaw addressing the purpose of the appraisal remedy. Accordingly, the Court should enforce the Appraisal Award in the form entered and award Plaintiffs' interest required by A.R.S. § 20-461 and reasonable attorneys' fees incurred in enforcing their Appraisal Award.

DATED this 8th day of February 2024.

**DIEKER COPPLE, PLLC**

By: */s/ Douglas F. Dieker*
Douglas F. Dieker
14256 North Northsight Blvd., Suite 110
Scottsdale, Arizona 85260
Attorney for Plaintiffs

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 8, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmitted copies of the same and a Notice of Electronic Filing to the following CM/ECF registrants:

Robert T. Sullivan, Esq.
Kelley M. Jancaitis, Esq.
Broening Oberg Woods & Wilson, P.C.
2800 N. Central Avenue, Suite 1600
Phoenix, Arizona 85004
Attorneys for Defendant State Farm Fire and Casualty Company

/s/ Douglas F. Dieker