LAW OFFICES
**BROENING OBERG WOODS & WILSON**
PROFESSIONAL CORPORATION
2800 N. CENTRAL AVE., SUITE 1600
PHOENIX, ARIZONA 85004
(602) 271-7700

Robert T. Sullivan/Bar No. 022719
rts@bowwlaw.com
Kelley M. Jancaitis/Bar No. 025555
kmj@bowwlaw.com
Minute Entries/Orders: cjg@bowwlaw.com
*Attorneys for Defendant State Farm*
*Fire and Casualty Company*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Grasse and Tamara Grasse, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>State Farm Fire and Casualty Company, an Illinois Corporation, John and Jane Does I-X; XYZ Partnerships I-X; ABC Corporations I-X,<br><br>Defendants. | Case No. 2:23-cv-02435-SRB<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO MOTION TO CONFIRM APPRAISAL AWARD [DOC. 13], RESPONSE [DOC. 14], AND REPLY [DOC. 15]** |

On February 14, 2024, this Court issued a decision in *Heartland v. State Farm Fire & Casualty Co*., No. CV-23-00449-PHX-JJT, 2024 WL 620825 (D. Ariz. Feb. 14, 2024), https://casetext.com/case/heartland-v-state-farm-fire-cas-co, that considered and resolved the same issues presented in Plaintiff's Motion to Confirm Appraisal Award [Doc. 13] in State Farm's favor.

In *Heartland*, like here, the insured made a claim for roof damage purportedly related to a storm event. *Id*. at *1. [Doc. 14, Ex. B, at SF-GRASSE 000067.] Upon inspection, State Farm observed only limited storm-related damages. *Id*. [Doc. 14, Ex. C.] State Farm denied coverage for other damages caused by wear and tear and deterioration and other non-covered

events. *Id*. [Doc. 14, Ex. D.]

Then: "Pursuant to the policy, [the insured] requested an appraisal to determine the value of their loss." *Id*. [Doc. 14, Ex. E.] "[State Farm] agreed to participate in the appraisal process and informed [the insured] that the policy restricts appraisers to consider only the amount of loss of each item in dispute and does not allow appraisers to decide fact or coverage questions." *Id*. [Doc. 14, Ex. F.]

The parties participated in appraisal. *Id*. [Doc. 14, Ex. G.] There, like here, the parties disagreed "as to how much of that total" appraisal award State Farm was required to pay the insured. *Id*. [Doc. 14, Ex. H.] The insured argued State Farm must pay the entire award because it "only included damage caused by the storm, which is a covered event." *Id*. [Doc. 13.] State Farm argued: "even if the storm damaged the roof, and is generally a covered event, underlying damage precludes coverage." *Id*. [Doc 14.]

There, like here, "the policy prohibited the panel from settling questions of fact or coverage." *Id*. at *2. [Doc. 14, Ex. A.] Thus the *Heartland* court rejected the insured's interpretation of the insurance policy – the same one that insured Plaintiffs here – as a binding determination of what losses were caused by the storm, and thereby exempt from State Farm's coverage defenses, because <u>the insured's interpretation necessarily "assumes the panel answered questions of fact and thus, coverage, which would *violate* the policy</u>." *Id*. (emphasis added).

The *Heartland* court did not find the insured's arguments otherwise persuasive on the scope of the appraisers' authority. *Id*. Each cited "case concerns an insurer's refusal to enter the appraisal process because of outstanding causation disputes, not an insurer's refusal to pay the full appraisal amount" when the award included values for items for which coverage was disputed. *Id*. (citing *State Farm v. Harper*, 596 F. Supp. 3d 1032, 1035 (M.D. Tenn. 2022)). The same is true of Plaintiffs' cited cases, including, *e.g.*, *Ori v. Am. Family Mut. Ins. Co.*, No. CV 2005-697-PHX-ROS, 2005 WL 3079044 (D. Ariz. Nov. 15, 2005); *Fla. Farm*

*Bureau Cas. Ins. Co. v. Sheaffer*, 687 So. 2d 1331 (Fla. Dist. Ct. App. 1997); and *CIGNA Ins. Co. v. Didimoi Prop. Holdings, N.V.*, 110 F. Supp. 2d 259 (D. Del. 2000). "Ultimately, the cases . . . indicate only that disputes over causation should not prevent parties from <u>starting</u> the appraisal process." *Heartland*, 2024 WL 620825, at *2 (emphasis added). But, the Court is not required to enforce the appraisal award in full; "To do so would mean that the panel resolved an issue that was not submitted, was precluded by the policy, and was thus outside its authority." *Id.*

In sum, *Heartland* supports State Farm's arguments in Parts III and IV of its Response [Doc. 14], asking the Court to enforce the contractual limitations on the appraisal remedy that are written into the insurance policy, and which do not authorize an appraisal panel to resolve disputes regarding causation or coverage. As Plaintiffs' own cited authority confirms: even if appraisers purport to resolve causation disputes,[1] "causation determinations by the appraisers may be subject to further review by the district court." *North Glenn Homeowners Ass'n v. State Farm*, 854 N.W.2d 67, 71 (Iowa Ct. App. 2014) (cited by Plaintiffs [Doc. 13 at 10]). Plaintiffs' Motion should be denied.

DATED this 26th day of February, 2024.

BROENING OBERG WOODS & WILSON, P.C.

By */s/ Kelley M. Jancaitis*
    Robert T. Sullivan
    Kelley M. Jancaitis
    2800 North Central Avenue, Suite 1600
    Phoenix, Arizona  85004
    *Attorneys for Defendant State Farm Fire and Casualty Company*

---

[1] The record squarely refutes such an assertion. [Doc. 14, Part II.]

3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of February, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Douglas F. Dieker
DIEKER COPPLE, PLLC
14256 North Northsight Blvd., Suite 110
Scottsdale, Arizona 85260
douglas@diekercopplelaw.com
*Attorney for Plaintiffs*

By */s/ Deane Fields*

4