LAW OFFICES
**BROENING OBERG WOODS & WILSON**
PROFESSIONAL CORPORATION
2800 N. CENTRAL AVE., SUITE 1600
PHOENIX, ARIZONA 85004
(602) 271-7700

Robert T. Sullivan/Bar No. 022719
rts@bowwlaw.com
Kelley M. Jancaitis/Bar No. 025555
kmj@bowwlaw.com
Minute Entries/Orders: cjg@bowwlaw.com
*Attorneys for Defendant State Farm*
*Fire and Casualty Company*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Grasse and Tamara Grasse, husband and wife,<br><br>                   Plaintiffs,<br><br>vs.<br><br>State Farm Fire and Casualty Company, an Illinois Corporation, John and Jane Does I-X; XYZ Partnerships I-X; ABC Corporations I-X,<br><br>                   Defendants. | Case No. 2:23-cv-02435-SRB<br><br>**RESPONSE TO MOTION TO STRIKE NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO MOTION TO CONFIRM APPRAISAL AWARD [DOC. 17]** |

Plaintiffs ask the Court to strike and disregard State Farm's Notice of Supplemental Authority [Doc. 16], which directs the Court to recent and persuasive authority from another division addressing the exact issues raised in their Motion to Confirm Appraisal Award. That request should be denied as a matter of both procedure and fairness.

**I.    RULE 12(F) DOES NOT APPLY BECAUSE THE NOTICE IS NOT A PLEADING AND CONTAINS NO PURPORTEDLY SCANDALOUS MATERIAL**

Plaintiffs first rely on Federal Rule of Civil Procedure ("Rule") 12(f) as authority for their request. Rule 12(f) authorizes the Court "to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

"Under the express language of the rule, only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); see also *Jones v. Harris*, No. CV-1905682-PHX-MTL-JZB, 2021 WL 2913513, at *4 n.4 (D. Ariz. July 12, 2021) ("motions to strike are disfavored and are appropriate for pleadings, not for motion briefing").

The Notice of Supplemental Authority [Doc. 17] is not a pleading, *see* Fed. R. Civ. P. 7(a) (listing types of pleadings), and Plaintiffs do not argue for excision of a portion it believes to be redundant, immaterial, impertinent, or scandalous. Plaintiffs cite no authority construing Rule 12(f) (or any other rule) as allowing a district court to strike material not contained in the pleadings of the case.  Rule 12(f) does not apply.

## II.    LOCAL RULE 7.2(M)(1) DOES NOT APPLY BECAUSE THE NOTICE IS NOT A SURREPLY

Plaintiffs also rely on LR Civ. ("Local Rule") 7.2(m)(1). Local Rule 7.2(m)(1) authorizes the Court to strike any part of a filing or submission "on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."

Plaintiffs argue the Notice of Supplemental Authority is actually a "sur-reply filed without leave of the Court." [Doc. 17 at 1.] A sur-reply is, by definition, a "*response* to another party's opposition." *Surreply*, Black's Law Dictionary (11th ed. 2019).

The Notice of Supplemental Authority is not a sur-reply. For example, the Notice of Supplemental Authority does not reiterate the myriad of Arizona and extrajurisdictional authorities that champion the *6700 Arrowhead* paradigm (promoting appraisal while preserving any remaining coverage and causation disputes for litigation)[1] to refute Plaintiffs'

---

[1] A sampling of these cases include: *Wausau Ins. Co v. Herbert Halperin Distrib. Corp.*, 664 F. Supp. 987 (D. Md. 1987); *Phila. Indem. Ins. Co. v. WE Pebble Point*, 44 F. Supp. 3d 813 (S.D. Ind. 2014); *St. Charles Parish Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co.*, 681 F. Supp. 2d 748 (E.D. La. 2010); *North Glenn Homeowners Assn. v. State Farm*, 854 N.W.2d 67 (Iowa App. 2014); *Quade v. Secura Ins.*, 814 N.W.2d 703 (Minn. 2012); *Morrow v. State Farm*, 592 F. Supp. 3d 672 (E.D. Tenn. 2022); *State Farm Lloyds v. Johnson*, 290 S.W.3d 886 (Tex. 2009); *Villas at Winding Ridge v. State Farm*, 942 F.3d 824 (7th Cir. 2019); *CIGNA Ins. Co. v. Didimoi Prop. Holdings, N.V.*, 110 F. Supp. 2d 259 (D. Del. 2000); *Walnut Creek Townhome Ass'n v. Depositors Ins. Co.*, 913 N.W.2d 80 (Iowa 2018);

suggestions in the Reply that State Farm promotes a minority rule that has not gained widespread acceptance. [Doc. 15 at 1-4.] The Notice of Supplemental Authority does not point out the practical, logical, and semantical fallacy of Plaintiffs' newly raised claim that the entirety of "damage sustained to Plaintiffs' home" was a singular "item in dispute" subject to appraisal upon to demand – a claim Plaintiffs can only make through heroic acts of mischaracterization. [Doc. 15 at 2.] The Notice of Supplemental Authority does not point out the obvious factors that distinguish this case from newly cited authority, *Le v. State Farm*, CV 22-00044-TUC-SHR (LAB), 2022 WL 4105503 (D. Ariz. Sept. 8, 2022) (wherein the district court made an affirmative finding – not alleged or supported in this record – that the appraisal panel was specifically instructed to opine on causation) [Doc. 15 at 5-6], and render it wholly inapplicable. And the Notice of Supplemental Authority does not attempt to correct Plaintiffs' mischaracterization of State Farm's claim as asserting "the appraisers erred with respect to factual determinations or legal interpretations" [Doc. 15 at 8], when its true argument is that the appraisal award cannot be confirmed or reduced to a judgment reflecting State Farm's contractual liability because State Farm *and Plaintiffs* did not grant appraisers authority in the insurance contract to make causation and coverage determinations at all, and neither the policy nor Arizona law allow appraisers to reverse an insurer's coverage analysis.

If State Farm intended to file a sur-reply, it would have addressed these points and more. But nowhere does the Notice of Supplemental Authority cite to or address these or any of the arguments raised in the Reply. [Doc. 15.]

The Notice of Supplemental Authority simply identifies *Heartland v. State Farm Fire & Casualty Co*., No. CV-23-00449-PHX-JJT, 2024 WL 620825 (D. Ariz. Feb. 14, 2024), https://casetext.com/case/heartland-v-state-farm-fire-cas-co, as a district court decision that issued twelve days prior and after the briefing concluding. The Notice briefly summarizes the facts and analysis of the Court in that case, and concludes with two sentences identifying

and *Wysoczan v. Cambridge Mut. Fire Ins*., No. 1:23-CV-00905, 2023 WL 5530535 (N.D. Ill. Aug. 28, 2023).

3

which portions of State Farm's brief it intended to supplement with the information, and why. The Notice is not a sur-reply and Local Rule 7.2(m)(1) does not apply.

**III.     *HEARTLAND* IS RELEVANT PERSUASIVE AUTHORITY THAT CANNOT BE IGNORED IN RESOLVING THE MOTION TO CONFIRM**

Regardless of how the Court resolves the procedural morass implicated by Plaintiffs' ill-conceived motion, fairness requires the Court to consider all relevant and available persuasive authority relevant to its interpretation and application of the insurance contract, as necessary to resolve the Motion to Confirm Appraisal Award on its merits. To do otherwise is simply to hide one's head in the sand while the law evolves around us. *Heartland* is relevant and persuasive, and should be considered regardless of the contents of the accompanying cover sheet bringing it to the Court's attention.

For all of these reasons, Plaintiffs' Motion to Strike should be denied.

DATED this 8th day of March, 2024.

BROENING OBERG WOODS & WILSON, P.C.

By */s/ Kelley M. Jancaitis*
Robert T. Sullivan
Kelley M. Jancaitis
2800 North Central Avenue, Suite 1600
Phoenix, Arizona  85004
*Attorneys for Defendant State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of March, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Douglas F. Dieker
DIEKER COPPLE, PLLC
14256 North Northsight Blvd., Suite 110
Scottsdale, Arizona 85260
douglas@diekercopplelaw.com
*Attorney for Plaintiffs*

By */s/ Deane Fields*

5