LAW OFFICES
**BROENING OBERG WOODS & WILSON**
PROFESSIONAL CORPORATION
2800 N. CENTRAL AVE., SUITE 1600
PHOENIX, ARIZONA 85004
(602) 271-7700

Robert T. Sullivan/Bar No. 022719
rts@bowwlaw.com
Minute Entries/Orders
cjg@bowwlaw.com
*Attorneys for Defendant State Farm*
*Fire and Casualty Company*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Grasse and Tamara Grasse, husband and wife, | Case No. 2:23-cv-02435-SRB |
| Plaintiffs, | **STATE FARM'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS** |
| vs. | |
| State Farm Fire and Casualty Company, an Illinois Corporation, John and Jane Does I-X; XYZ Partnerships I-X; ABC Corporations I-X, | |
| Defendants. | |

Defendant State Farm Fire and Casualty Company ("State Farm") moves the Court, through counsel and pursuant to Federal Rule of Civil Procedure 56, for an order granting summary judgment in its favor. Summary judgment on all claims is necessary because there is no evidence sufficient to meet their burden of proving that State Farm breached the Policy or that State Farm acted objectively unreasonable in its handling of Plaintiffs' homeowners insurance claim (bad faith), or with a subjective intent to harm Plaintiffs, let alone with an evil mind (punitive damages), as necessary to sustain their claims.

/ /

/ /

## I.    FACTUAL BACKGROUND

### A.    Plaintiffs' Property is Insured by a State Farm Homeowners' Policy that Plainly Describes What Is And Is Not Covered

Plaintiffs Donald Jr. and Tamara Grasse are the named insureds on a State Farm homeowners' policy ("the Policy") covering real property located at 10040 E. Happy Valley Road, Unit 70, Scottsdale, Arizona 85255. [*See* Statement of Facts in Support of Motion for Summary Judgment ("SOF") ¶ 1]. The home was built in 1998 and retained its original roof with only nominal repairs. [SOF ¶ 2].

The Policy is designed to compensate insureds for damage to the residence caused by any covered "accidental direct physical loss" or occurrence during the policy period, "unless the loss is excluded or limited." [SOF ¶ 3]. All coverages are subject to the Policy's terms, conditions and exclusions. *Id*.

Relevant here, the Policy does not cover (or in other words, excludes coverage for) damage to the dwelling caused in whole or in part by "wear, tear, decay, . . . deterioration, . . . or mechanical breakdown; . . . all animals, birds, or insects; . . . ." *Id*. These exclusions apply "regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these." *Id*. There is also no coverage for damage caused by defective maintenance. *Id*.

### B.    Reasonable Investigation Confirmed a July 2021 Storm Caused Extremely Limited Damage to Plaintiffs' Roof

In February 2022, Plaintiffs reported damage to the residence from a passing storm on July 12, 2021. [SOF ¶ 4]. State Farm investigated the claim, inspected the property and determined that hail caused a narrow crack in the SPF coating, which can be repaired. [SOF ¶ 5]. The clay tile roofing was fractured due in part to rough handling, foot traffic, temperature and animal activity – not the wind/hail event. [SOF ¶ 6]. The water intrusion found at the garage was a result of an inadequate water shedding condition caused by latent debris and

dirt, deteriorated underlayment and improper mortar at the roof; leaks to the interior were not a result of wind or hail damage. [SOF ¶ 7]. The sandcast tiles do not function as a water repellant. Instead, it is the underlayment that provides water shedding. [SOF ¶ 8].

During the inspections of the roof, other defects in the tile roof were noted, but they related to "wear, tear, deterioration, animal damages and defective workmanship" which the Plaintiffs had been advised were not covered. [SOF ¶ 9].

**C.    State Farm Promptly Paid for the Covered Losses, and Reasonably Declined Payment for Uncovered Losses**

Prior to notifying State Farm of the damage or inspection by State Farm, Plaintiffs contracted with adjustor Scott Lampman, who determined that a full roof replacement, as well as repairs to the inside of the home, were warranted in the amount of $277,910.32. [SOF ¶¶ 10-11]. However, Mr. Lampman never determined how much of the loss was caused by hail versus wear and tear. [SOF ¶ 12]. Moreover, he never established how long the tiles were broken. [SOF ¶ 13].

State Farm promptly inspected the property and determined hail caused a narrow crack in the SPF coating, which can be repaired. [SOF ¶ 5]. The clay tile roofing was fractured due to rough handling, foot traffic, temperature and animal activity. The water intrusion found in the garage was a result of an inadequate water shedding condition caused by latent debris and dirt and improper mortar at the roof; and leaks to the interior were not a result of wind or hail damage. [SOF ¶ 14]. State Farm then issued payment to Plaintiffs in the amount of $11,818.35 for all covered losses, minus the deductible. [SOF ¶ 15]. Communication from State Farm that accompanied the payment clearly outlined the parameters of the Policy once again and notified Scott Lampman that wear, tear, deterioration and animal damage were excluded from the Policy. [SOF ¶ 16].

Although the Policy does not compensate insureds for wear, tear, decay, deterioration, mechanical breakdown or animal damage, Plaintiffs nonetheless demanded a full roof

replacement in addition to repairs inside the home. [SOF ¶¶ 3, 11]. Given the difference in appraisal values, a neutral Umpire, Adam Salene, was appointed. Salene agreed that full replacement of the roof was not warranted. [SOF ¶ 17]. Salene completed an appraisal award for the amount of $89,186.35, which was signed by Plaintiffs' adjuster. [SOF ¶ 18]. State Farm reviewed the appraisal and subtracted only the items excluded from the Policy, as well as the amount already paid to Plaintiffs. State Farm then promptly issued another payment to Plaintiffs in the amount of $19,689.13. [SOF ¶ 19]. This brought the total paid by State Farm to Plaintiffs to $31,507.48.

The appraisal award ultimately entered (by Plaintiffs' appraiser and the umpire, not State Farm's representative) allowed for replacement of 100 clay tiles as well as necessary labor to facilitate cautious removal. [SOF ¶ 20]. The award also noted other miscellaneous damages but no damage to the interior of the home or the garage. [SOF ¶ 21]. After this award, State Farm concluded, consistent with its prior investigation and communications with Plaintiffs, that the damage caused by foot traffic, poor maintenance, wear, tear and animal activity were not covered. [SOF ¶ 22]. Plaintiffs were aware that coverage was an ongoing issue. [SOF ¶¶ 16, 19]. Under Arizona law, coverage disputes are not resolvable via appraisal. *Hanson v. Commercial Union Ins. Co.*, 150 Ariz. 283, 286 (App. 1986)("The function of appraisers is to determine the amount of damage resulting to various items submitted for their consideration. It is certainly not their function to resolve questions of coverage and interpret provisions of the policy.").

Plaintiffs' adjuster takes the position that in order to repair the minimal portions of the roof that were damaged by wind or hail, the entire roof must be replaced. [SOF ¶ 23]. Despite being presented with estimates by both JS Held and the Umpire, Lampman insists that a total roof replacement is necessary to fix the minimal covered damages. [SOF ¶ 24]. Lampman admits that the deterioration, brittle condition of the roof and the underlayer are because of its age. [SOF ¶ 25]. Lampman also admits that he does not know if prior wind events over the

20-year life of the roof displaced or loosened the roof tiles. [SOF ¶ 26].

Plaintiffs hired Porter Roofing to examine the roof and provide an estimate. Randy Halfhill from Porter Roofing examined the roof and testified there was no wind or hail damage that caused water intrusion. [SOF ¶ 27]. Halfhill also agreed that given the age of the roof, wear, tear and deterioration are expected to be observed and that a roof as old as the one at the Property would be expected to leak. [SOF ¶ 28]. He further agreed that damage to the roof was caused by ordinary wear and tear. [SOF ¶ 29]. He also agreed that a roof replacement was not necessary, and the roof was reparable. [SOF ¶ 30]. In fact, he provided an estimate for repairs totaling less than the payment made by State Farm. [SOF ¶ 31].

Not only did Plaintiffs insist on a full roof replacement, they insisted on a replacement beyond restoring the roof back to its condition prior to damage. They asked for improvements with a custom tile because they liked it. Not because it was necessary. [SOF ¶ 32]

**D.    Plaintiffs' Expert Report Does Not Support a Full Roof Replacement**

Plaintiffs provided a report by JR Mendell from All Above Roofing ("Mendell Report"). [SOF ¶ 33]. The opinion is one page, with attached photographs, and states that there is hail damage to the roof. [SOF ¶ 34]. The report then recommends a replacement of all existing tiles and to repair and recoat the foam on the flat part of the roof. [SOF ¶ 35]. The report does not specify which portions of the roof were damaged by the July 2021 hailstorm, the age of the roof or provide evidence relevant to causation during the relevant time. [SOF ¶ 36].

Plaintiffs also provided a report from construction expert Jim Speros ("Speros Report"). [SOF ¶ 37]. The Speros Report did not state that a full roof replacement was necessary, nor did it disagree with the appraisal estimate. [SOF ¶ 38]. The Speros report disagreed only with State Farm's application of Policy exemptions. [SOF ¶ 39]. However, the Speros Report did not provide any opinion that there was not wear, tear, deterioration or animal damage to the roof. Like the Mendell Report, it acknowledges only that hail damage

occurred. [SOF ¶ 40].

Experts Wade Sticht and Steve Klingler will testify, consistent with their reports, that the remaining damages were consistent with human foot traffic, wear, tear, deterioration and animal damage, which predated the July 2021 storm event. [SOF ¶¶ 41-44]. Plaintiffs' adjuster, Scott Lampman, insisted on full roof replacement due to hail damage but then admitted he cannot differentiate between hail damage and roof wear and tear. [SOF ¶ 45].

State Farm did promptly pay the portions of the award corresponding to damages that were covered by the Policy. [SOF ¶¶ 15, 19]

### E. Plaintiffs' Disclosed Evidence Does Not Demonstrate Bad Faith

Plaintiffs have not conducted any discovery specific to this claim and have presented no evidence to support it. State Farm promptly investigated Plaintiffs' storm-damage claim, reasonably determined based on timely investigation that certain damages were not covered by the Policy, participated in appraisal at Plaintiffs' demand while expressly reserving its contract defenses, and promptly paid for amounts assigned in appraisal associated with covered damages. Because Plaintiffs cannot meet their burden of proving insurance breach of contract or bad faith, summary judgment must be entered for State Farm on all counts.

## II.    ARGUMENT

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the initial burden of showing no genuine issue of material fact exists. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). As detailed below, the undisputed facts here establish that State Farm properly adjusted and paid the claim and acted properly under the coverage contract. Therefore, summary judgment must be entered in State Farm's favor.

/ /

/ /

6

**A.    PLAINTIFF CANNOT PROVE BREACH OF THE COVERAGE CONTRACT BECAUSE STATE FARM ACTED CONSISTENT WITH THE POLICY**

In construing an insurance policy, courts examine the policy language in a way to give meaning to the parties' intent. *State Farm Mut. Auto. Ins. Co. v. O'Brien*, 24 Ariz. App. 18, 20, 535 P.2d 46, 48 (1975). Absent ambiguity, courts construe provisions in insurance policies "according to their plain and ordinary meaning." *Keggi v. Northbrook Prop. & Cas. Ins. Co.*, 199 Ariz. 43, 46, 13 P.3d 785, 788 (Ct. App. 2000). "It is not the prerogative of the court to rewrite an insurance policy in an attempt to avoid possible harsh results." *O'Brien*, 24 Ariz. App. at 20, 535 P.2d at 48. The plaintiffs bear the burden of proving coverage. *Keggi*, 199 Ariz. at 46, 13 P.3d at 788.

The language of the Policy is clear. Section I – Losses Insured states that coverage will be provided unless the loss is excluded or limited in Section I – Losses Not Insured. [SOF ¶ 3]. Section I – Losses Not Insured states that damage caused by "wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown" as well as "all animals, birds, or insects" will not be covered. [SOF ¶ 3]. At issue here is a 20-year-old roof, noted to have wear, tear, deterioration and animal damage by numerous individuals in this case.  JS Held, Porter Roofing, the Speros Report and the Umpire, Adam Salene, all agreed that repair of the roof was appropriate. Expert reports consistently noted damage to the roof that pre-existed the hailstorm. That damage is not covered. State Farm acted within the unambiguous language of the Policy in paying for damage from the hailstorm but not for damage specifically excluded.

The Policy provides coverage for damage from hail.  State Farm covered the damage resulting from the hailstorm pursuant to the Policy. State Farm's duties under the policy were met. Plaintiffs' roofing expert JR Mendell alleges only that hail damage exists on the home but fails to provide any justification as to why a full roof replacement is warranted for the damage caused. Plaintiffs' second expert, Jim Speros, does not opine at all that a full roof

7

replacement is warranted and again states only that hail damage exists. Both of Plaintiffs' experts fail to demonstrate that all the damage on the roof was caused by the July 2021 hailstorm. JR Mendell admits that he does not even possess the ability to differentiate between damage from the July 2021 storm and other damage. Defendant does not dispute some roof damage resulted from the July 2021 hailstorm.  Defendant paid Plaintiffs for that hail damage – twice.

Consistent opinions from roofers, construction experts and the Umpire show that damage exists on the roof from wear, tear, deterioration and animal damage. Despite this damage and in addition to that caused by hail, these individuals all agree that replacement of the roof is not necessary. Even Porter Roofing, a company chosen by Plaintiffs, agreed with State Farm regarding the condition of the roof and the best method for replacement. Therefore, even if all of the damage to the roof was covered, which State Farm maintains that it is not, total replacement is simply not warranted, and Plaintiffs demands of State Farm to do so violates the parameters of the Policy coverage. There is no ambiguity in the coverage here, so the Policy should be taken based on its plain language, which excluded the damage not caused by the hail and windstorm. Despite consulting numerous roofers and experts, Plaintiffs have been unable to support coverage for damage outside of the July 2021 hailstorm. State Farm acted properly under the Policy and Plaintiffs' claim for breach of contract fails.

**B.**    **PLAINTIFFS CANNOT PROVE BAD FAITH BECAUSE STATE FARM ACTED REASONABLY AND CONSISTENTLY WITH THE INSURANCE CONTRACT**

A claim for bad faith arises when the insurance company intentionally denies or fails to process or pay a claim without a reasonable basis for such action. *Bussen v. N. Pointe Ins. Co.*, No. CV-20-00486-PHX-JJT, 2022 WL 375850, at *2 (D. Ariz. Feb. 8, 2022). In Arizona, the tort of insurance bad faith has two elements: "(1) that the insurer acted unreasonably toward its insured, and (2) that the insurer acted knowing that it was acting unreasonably or acted with such reckless disregard that such knowledge may be imputed to it." *11333 Inc. v.*

*Certain Underwriters at Lloyd's, London,* 261 F. Supp. 3d 1003, 1015 (D. Ariz. 2017) (quoting *Miel v. State Farm,* 185 Ariz. 104, 110, 912 P.2d 1333, 1339 (App. 1995)). Thus, a plaintiff must prove both objectively unreasonable conduct <u>and</u> a subjective intent to harm. *See Id*. Plaintiffs have not disclosed evidence of either element here.

Plaintiffs allege that State Farm acted in bad faith by denying full coverage of the roof replacement in violation of the Policy.  However, as established above, there was no breach of the Policy by State Farm.  Without a breach of the Policy, Plaintiffs' claim that State Farm acted in bad faith by denying full coverage is unsubstantiated. Even if there was a breach, State Farm's conduct was reasonable and fairly debatable.

### i. No Reasonable Juror Could Find State Farm Acted Objectively Unreasonable in its Coverage Investigation, Conclusions, orr Appraisal Handling

The first element of bad faith "is clearly an objective test," asking: "did the insurance company act in a manner consistent with the way a reasonable insurer would be expected to act under the circumstances?" *Trus Joist Corp. v. Safeco Ins. Co. of Am.,* 153 Ariz. 95, 104, 735 P.2d 125, 134 (App. 1986). "This is the threshold test for all bad faith actions." *Id*. "Where an insurer acts reasonably, there can be no bad faith." *Id*.

The relevant inquiry always will focus on the contract itself, to determine what the parties agreed to. *Rawlings v. Apodaca*, 151 Ariz. 149, 151, 726 P.3d 565, 567 (1981). An insurer does not act objectively unreasonable when it declines to pay a claim that is not covered or when it challenges a fairly debatable claim. *Noble v. Nat'l Am. Life Ins. Co.,* 128 Ariz. 188, 190, 624 P.2d 866, 868 (1981); *Bussen*, 2022 WL 375850, at \*3.

Reasonableness and whether a claim is fairly debatable are generally questions of fact. But: "Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Bussen*, 2022 WL 375850, at \*2 (quoting *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990)). Such is the case here.

As detailed above, State Farm reasonably determined there is <u>no coverage</u> for the damage to Plaintiffs' roof that was not caused by wind or hail. Plaintiffs have not presented State Farm or this Court with any evidence suggesting the roof damage that State Farm declined to pay for was anything other than the natural and expected progression of wear, tear, deterioration or animal activity – all of which are specifically excluded from coverage. State Farm promptly inspected the property, made payment, engaged in communications with the insured and adjusters regarding coverage, brought in an umpire and issued additional payment. These actions objectively show that State Farm acted in a reasonable manner in adjusting this claim.

On this record, Plaintiffs cannot, as a matter of law, prove that State Farm acted objectively unreasonable in covering the roof damage caused by hail and not the damage specifically excluded from coverage in the Policy. *E.g., Aetna Cas. & Sur. Co. v. Superior Court*, 161 Ariz. 437, 440, 778 P.2d 1333, 1336 (App. 1989) (concluding insurer did not act in bad faith as a matter of law where "the insurance company had a reasonable basis for denying the claim, and its investigation was clearly adequate"). No reasonable juror could find for Plaintiffs on this first necessary element of insurance bad faith and as such, the claim fails.

### ii. No Reasonable Juror Could Find State Farm Acted With a Subjective Intent to Harm Plaintiffs

Even if the lack of evidence of objective unreasonableness was not dispositive, a successful insurance bad faith claim requires <u>additional</u> evidence that the insurer "either knows it is acting unreasonably or acts with such reckless disregard that such knowledge may be imputed to it." *Nardelli v. Metro. Grp. Prop. & Cas. Ins. Co.,* 230 Ariz. 592, 598, ¶ 19, 277 P.3d 789, 805 (App. 2012). "The 'intent' required to establish a bad faith claim is an 'evil hand' – the intent to do the act. Mere negligence or inadvertence is not sufficient – the insurer must intend the act or omission and must form that intent without reasonable or fairly

debatable grounds." *Id*. (quoting *Rawlings,* 151 Ariz. at 160, 726 P.3d at 578). Summary judgment on this element must be granted where, as here, "the facts presented in support of a claim have so little probative value that reasonable people could not find for the claimant." *E.g., Caudle v. Bristow Optical Co*., 224 F.3d 1014, 1024 (9th Cir. 2000) (quoting *Shoen v. Shoen*, 191 Ariz. 64, 65, 952 P.2d 302, 303 (1997)), *as amended on denial of reh'g* (Nov. 2, 2000).

State Farm's coverage decision was reasonable and at a minimum, fairly debatable, which precludes any recovery for insurance bad faith. Moreover, Plaintiffs have not provided any evidence upon which a reasonable juror could find State Farm acted with a subjective intent to deprive them of protections pursuant to their policy. In fact, a disagreement regarding coverage is not evidence of an intent to deny in bad faith. *See Jacobs v. Am. Fam. Mut. Ins. Co.*, No. CV-13-01404-PHX-SRB, 2014 WL 11515009, at *4 (D. Ariz. Aug. 5, 2014). ("Plaintiff is essentially arguing that the denial of his claim is circumstantial evidence of [the insurer]'s intent to deny his claim regardless of any evidence. The Court disagrees.").

Here, like *Jacobs*, "there is no evidence that [the insurer] intended to deny Plaintiff's claim from the beginning and would ignore any evidence it received supporting his claim." *Id*. There is likewise no evidence that State Farm's actions in this case were intended to harm Plaintiffs, or anything beyond a legitimate attempt to identify the bounds of Policy coverage. As discussed above, State Farm's actions in adjusting this claim have no evidence of an intent to harm the Plaintiffs. State Farm paid the Plaintiffs for their damage, adjusted the claim, engaged meaningfully in the umpire process, and were consistent and direct in their communications with the Plaintiffs regarding their coverage. None of this shows any intent by State Farm to harm the Plaintiffs. Just the opposite, it shows a desire to reasonably, amicably and fairly adjust Plaintiffs' claim consistent with the Policy. The absence of evidence of the subjective requisite intent provides a second independent reason for granting summary judgment on Plaintiffs' claim for insurance bad faith.

11

### C.    NO EVIDENCE DEMONSTRATES AN EVIL HAND GUIDED BY AN EVIL MIND

"To recover exemplary damages, a plaintiff must show that something more than the conduct necessary to establish the tort of bad faith." *Nardelli*, 230 Ariz. at 604, ¶ 60, 277 P.3d at 801. Mere indifference or failure to act are insufficient; a plaintiff can recover punitive damages in a bad faith tort action "when, and only when, the facts establish that defendant's conduct was aggravated, outrageous, malicious or fraudulent." *Rawlings*, 151 Ariz. at 162-63, 726 P.2d at 578-79. Moreover, the standard for proving eligibility for punitive damages is heightened, requiring clear and convincing evidence of an evil mind. *Thompson v. Better-Bilt Aluminum Prods. Co.*, 171 Ariz. 550, 557, 832 P.2d 203, 210 (1992); *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 332, 723 P.2d 675, 681 (1986). "Clear and convincing evidence means that which may persuade that the truth of the contention is 'highly probable.'" *Thompson*, 171 Ariz. at 557, 832 P.2d at 210.

For the reasons already stated, Plaintiffs cannot demonstrate either objectively unreasonable or subjectively intentional conduct necessary to prove bad faith and certainly have no evidence of the required "something more," nor sufficient evidence to meet a clear and convincing standard. Simply put, Plaintiffs have provided no factual basis to suggest State Farm engaged in the type of egregious or reprehensible behavior that would warrant exemplary damages. Summary judgment must therefore be entered as to the request for punitive damages.

### III.    CONCLUSION: PLAINTIFFS CANNOT PROVE THEIR CLAIMS ON THE DISCLOSED EVIDENCE

Summary judgment is the "principal tool" through which legally and factually insufficient claims can be "isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Where only one reasonable inference can be drawn from the evidence,

12

judgment must be entered as a matter of law. *See* Fed. R. Civ. P. 56(a). Such is the case here. Plaintiffs have not disclosed evidence that State Farm did not follow the unambiguous language of the Policy, acted objectively unreasonable, intended to harm or any outrageous and reprehensible conduct. Accordingly, State Farm requests the Court enter summary judgment in its favor on all counts.

RESPECTFULLY SUBMITTED this 10th day of February, 2025.

BROENING OBERG WOODS & WILSON, P.C.

By */s/Robert T. Sullivan*
Robert T. Sullivan
2800 North Central Avenue, Suite 1600
Phoenix, Arizona  85004
*Attorneys for Defendant State Farm Fire and Casualty Company*

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Douglas F. Dieker
DIEKER COPPLE, PLLC
14256 North Northsight Blvd., Suite 110
Scottsdale, Arizona 85260
douglas@diekercopplelaw.com
*Attorney for Plaintiffs*

By */s/ Nicole J. Smith*

14